

**U.S. Department of Justice**

*United States Attorney*
*District of New Jersey*

---

*Lauren D. Kober*
*Assistant United States Attorney*

LDK/PL AGR
2021R01176

*970 Broad Street, Suite 700*
*Newark, New Jersey 07102*

*Direct Dial: (973) 645-6104*
*lauren.kober@usdoj.gov*

July 16, 2025

Benjamin West, Esq.
Assistant Federal Public Defender
1002 Broad Street
Newark, NJ 07102

      Re:    <u>Plea Agreement with John Struble</u>

Dear Mr. West:

      This letter sets forth the plea agreement between your client, John Struble ("STRUBLE"), and the United States Attorney for the District of New Jersey ("this Office"). This offer will expire on **July 23, 2025**, if it is not accepted in writing by that date. If STRUBLE does not accept this plea agreement, his sentencing exposure could increase beyond what is discussed in this plea agreement as a result of this Office's investigation.

<u>Charge</u>

      Conditioned on the understandings specified below, this Office will accept a guilty plea from STRUBLE to an Information, which charges STRUBLE with possession of child pornography, in violation of 18 U.S.C. §§ 2252A(a)(5)(B) and (b)(2). If STRUBLE enters a guilty plea and is sentenced on this charge and otherwise fully complies with this agreement, this Office will not initiate any further criminal charges against STRUBLE for possession of child pornography on or about December 5, 2020.

      But if a guilty plea in this matter is not entered for any reason or a guilty plea or judgment of conviction entered in accordance with this agreement does not remain in full force and effect, this Office may reinstate any dismissed charges and initiate any other charges against STRUBLE even if the applicable statute of limitations period for those charges expires after STRUBLE signs this agreement, and STRUBLE agrees not to assert that any such charges are time-barred.

Sentencing

The violation of 18 U.S.C. §§ 2252A(a)(5)(B) and (b)(2) to which STRUBLE agrees to plead guilty in the Information carries a statutory maximum prison sentence of 20 years, because one or more of the visual depictions involved in the offense involved a prepubescent minor or a minor who had not attained 12 years of age, and a statutory maximum fine equal to the greatest of (1) $250,000, or (2) twice the gross amount of any pecuniary gain that any persons derived from the offense, or (3) twice the gross amount of any pecuniary loss sustained by any victims of the offense. Fines imposed by the sentencing judge may be subject to the payment of interest.

Pursuant to 18 U.S.C. § 2252A(b)(2), if the Court determines that STRUBLE has a prior conviction under chapter 110, chapter 71, chapter 109A, or chapter 117, or under section 920 of title 10 (article 120 of the Uniform Code of Military Justice), or under the laws of any State relating to aggravated sexual abuse, sexual abuse, or abusive sexual conduct involving a minor or ward, or the production, possession, receipt, mailing, sale, distribution, shipment, or transportation of child pornography, then the violation of 18 U.S.C. § 2252A(a)(5)(B) to which STRUBLE agrees to plead guilty instead carries a mandatory minimum sentence of 10 years' imprisonment and a maximum of 20 years' imprisonment.

The sentence to be imposed upon STRUBLE is within the sole discretion of the sentencing judge, subject to the provisions of the Sentencing Reform Act, 18 U.S.C. §§ 3551-3742, and the sentencing judge's consideration of the United States Sentencing Guidelines. Those Guidelines are advisory, not mandatory. The sentencing judge may impose any reasonable sentence up to and including the statutory maximum term of imprisonment and the maximum statutory fine. This Office cannot and does not make any representation or promise as to what Guidelines range may be found by the sentencing judge, or as to what sentence STRUBLE ultimately will receive.

Further, in addition to imposing any other penalty on STRUBLE, the sentencing judge as part of the sentence:

(1) will order STRUBLE to pay an assessment of $100 pursuant to 18 U.S.C. § 3013, which assessment must be paid by the date of sentencing;

(2) must impose, pursuant to the Justice for Victims of Trafficking Act of 2015, 18 U.S.C. § 3014, an additional mandatory special assessment of $5,000 unless the sentencing Court finds STRUBLE to be indigent;

    (3)    shall assess, pursuant to 18 U.S.C. § 2259A, an additional assessment of (1) not more than $17,000 on any person convicted of an offense under section 2252(a)(4) or 2252A(a)(5), (2) not more than $35,000 on any person convicted of any other offense for trafficking in child pornography; and (3) not more than $50,000 on any person convicted of a child pornography production offense;

    (4)    must order STRUBLE to pay restitution pursuant to 18 U.S.C. § 3663 *et seq.*, including restitution of at least $3,000 per victim for any conduct occurring after December 7, 2018;

    (5)    must order forfeiture, pursuant to 18 U.S.C. § 2253; and

    (6)    pursuant to 18 U.S.C. § 3583(k), must require STRUBLE to serve a term of supervised release of at least 5 years, up to a maximum term of life, which will begin at the expiration of any term of imprisonment imposed. Should STRUBLE be placed on a term of supervised release and subsequently violate any of the conditions of supervised release before the expiration of its term, STRUBLE may be sentenced to not more than 5 years' imprisonment, in addition to any prison term previously imposed, regardless of the statutory maximum term of imprisonment set forth above and without credit for time previously served on post-release supervision, and may be sentenced to an additional term of supervised release. However, pursuant to 18 U.S.C. § 3583(k), should STRUBLE be required to serve a term of supervised release and subsequently commit an offense, while serving that term of supervised release, in violation of chapter 109A, 110, or 117, or section 1201 or 1591 of Title 18 of the United States Code, for which imprisonment for a term longer than one year can be imposed, STRUBLE must be sentenced to at least 5 years' imprisonment in addition to any prison term previously imposed, regardless of the statutory maximum term of imprisonment set forth above and without credit for time previously served on post-release supervision, and may be sentenced to an additional term of supervised release.

Restitution

Pursuant to 18 U.S.C. § 3663(a)(3), 18 U.S.C. § 3663A(a) & (b), 18 U.S.C. § 3664, 18 U.S.C. § 2248, and 18 U.S.C. § 2259, STRUBLE agrees to make full restitution to all minor victims of his offenses as to all counts charged, whether or not STRUBLE enters a plea of guilty to such counts and whether or not such counts are dismissed pursuant to this agreement. Further, STRUBLE agrees to pay restitution to any of his minor victims, for the entire scope of his criminal conduct, including but not limited to all matters included as relevant conduct.

STRUBLE acknowledges and agrees that this criminal conduct (or relevant conduct) includes any minor victim of any child pornography offenses, charged or uncharged, under Chapter 110, United States Code, and any minor victim of any violation of federal and/or state law committed by STRUBLE, including any contact sexual offense. Further, pursuant to 18 U.S.C. § 3664(d)(5), STRUBLE agrees not to oppose bifurcation of the sentencing hearing if the victims' losses are not ascertainable prior to sentencing.

Forfeiture

As part of his acceptance of responsibility, and pursuant to 18 U.S.C. § 2253, STRUBLE agrees to forfeit to the United States all of his right, title, and interest in (1) all visual depictions described in Sections 2251, 225 IA, 2252, 2252A, 2252B, and 2260 of Title 18 of the United States Code that were produced, transported, shipped, or received in violation of chapter 109A of Title 18, United States Code; (2) all property, real and personal, constituting or traceable to gross profits or other proceeds obtained from the offense charged in the Information; and (3) all property, real and personal, used or intended to be used to commit or to promote the commission of the offense charged in the Information and all property traceable to such property.

STRUBLE further agrees to consent to the entry of orders of forfeiture for any forfeitable property that may be final prior to sentencing, pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure. STRUBLE further waives the requirements of Rules 32.2 and 43(a) of the Federal Rules of Criminal Procedure regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. STRUBLE understands that criminal forfeiture is part of the sentence that may be imposed in this case and waives any failure by the court to advise him of this pursuant to Rule 11(b)(1)(J) of the Federal Rules of Criminal Procedure at the guilty plea proceeding. STRUBLE waives any and all constitutional, statutory, and other challenges to the forfeiture on any and all grounds, including that the forfeiture constitutes an excessive fine or punishment under the Eighth Amendment. It is further understood that any forfeiture of STRUBLE's assets shall not be treated as satisfaction of any fine, restitution, cost of imprisonment, or any other penalty the Court may impose upon him in addition to forfeiture.

STRUBLE further agrees that no later than the date he enters his plea of guilty he will provide a complete and accurate Financial Disclosure Statement on the form provided by this Office. If STRUBLE fails to provide a complete and accurate Financial Disclosure Statement by the date he enters his plea of guilty, or if this Office determines that STRUBLE has intentionally failed to disclose assets on his Financial Disclosure Statement, STRUBLE agrees that that failure constitutes a material breach of this agreement, and this Office reserves the right, regardless of any agreement or stipulation that might otherwise apply, to

oppose any downward adjustment for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1, and to seek leave of the Court to withdraw from this agreement or seek other relief.

Rights of This Office Regarding Sentencing

Except as otherwise provided in this agreement, this Office may take any position with respect to the appropriate sentence to be imposed on STRUBLE by the sentencing judge. This Office may also correct any misstatements relating to the sentencing proceedings and provide the sentencing judge and the United States Probation Office all law and information relevant to sentencing, favorable or otherwise. And this Office may inform the sentencing judge and the United States Probation Office of: (1) this agreement; and (2) the full nature and extent of STRUBLE's activities and relevant conduct with respect to this case.

Stipulations

This Office and STRUBLE will stipulate at sentencing to the statements set forth in the attached Schedule A, which is part of this plea agreement. Both parties understand that the sentencing judge and the United States Probation Office are not bound by those stipulations and may make independent factual findings and may reject any or all of the parties' stipulations. Nor do these stipulations restrict the parties' rights to respond to questions from the Court and to correct misinformation that has been provided to the Court.

This agreement to stipulate on the part of this Office is based on the information and evidence that this Office possesses as of the date of this agreement. Thus, if this Office obtains or receives additional evidence or information prior to sentencing that it believes materially conflicts with a Schedule A stipulation, that stipulation shall no longer bind this Office. A determination that a Schedule A stipulation is not binding shall not release the parties from any other portion of this agreement, including any other Schedule A stipulation.

If the sentencing court rejects a Schedule A stipulation, both parties reserve the right to argue on appeal or at post-sentencing proceedings that the sentencing court did so properly. Finally, to the extent that the parties do not stipulate to a particular fact or legal conclusion in this agreement, each reserves the right to argue how that fact or conclusion should affect the sentence.

Waiver of Appeal and Post-Sentencing Rights

As set forth in Schedule A, this Office and STRUBLE waive certain rights to appeal, collaterally attack, or otherwise challenge the judgment of conviction or sentence.

Immigration Consequences

STRUBLE understands that, if he is not a citizen of the United States, his guilty plea to the charged offense will likely result in his being subject to immigration proceedings and removed from the United States by making him deportable, excludable, or inadmissible, or ending his naturalization. STRUBLE understands that the immigration consequences of this plea will be imposed in a separate proceeding before the immigration authorities. STRUBLE wants and agrees to plead guilty to the charged offense regardless of any immigration consequences of this plea, even if this plea will cause his removal from the United States. STRUBLE understands that he is bound by his guilty plea regardless of any immigration consequences. Accordingly, STRUBLE waives any right to challenge the guilty plea, sentence, or both based on any immigration consequences. STRUBLE also agrees not to seek to withdraw this guilty plea, or to file a direct appeal, or any kind of collateral attack challenging the guilty plea, conviction, or sentence, based on any immigration consequences of the guilty plea or sentence.

Registration Consequences

STRUBLE understands that his guilty plea to the Information will likely result in a requirement that he register as a sex offender under federal and state law, and he will be subject to the registration law's requirements and penalties. STRUBLE wants and agrees to plead guilty to the charged offense regardless of any registration consequences of this plea. STRUBLE understands that he is bound by his guilty plea regardless of any registration consequences of the plea. Accordingly, STRUBLE waives any and all challenges to his guilty plea and to his sentence based on any registration consequences and agrees not to withdraw his guilty plea, or to file a direct appeal or any kind of collateral attack challenging his guilty plea, conviction, or sentence, based on any registration consequences of his guilty plea.

Adam Walsh Child Protection and Safety Act

STRUBLE has been advised, and understands, that under the Sex Offender Registration and Notification Act, a federal law, he must register and keep the registration current in each of the following jurisdictions: where STRUBLE resides; where he is an employee; and where he is a student. STRUBLE understands that the requirements for registration include providing his name, his social security number, the address of any place where he

resides or will reside, the names and addresses of any places where he is or will be an employee or a student, and the license plate number and a description of any vehicle owned or operated by him, among other information. STRUBLE further understands that the requirement to keep the registration current includes informing at least one jurisdiction in which he resides, is an employee, or is a student not later than three business days after any change of his name, residence, employment, or student status. STRUBLE has been advised, and understands, that failure to comply with these obligations subjects him to prosecution for failure to register under federal law, 18 U.S.C. § 2250, which carries a statutory maximum prison sentence of 10 years and a statutory maximum fine equal to the greatest of: (1) $250,000; (2) twice the gross amount of any pecuniary gain that any persons derived from the offense; or (3) twice the gross amount of any pecuniary loss sustained by any victims of the offense.

Other Provisions

This agreement is limited to the United States Attorney's Office for the District of New Jersey and cannot bind other federal, state, or local authorities. If requested to do so, however, this Office will bring this agreement to the attention of other prosecuting offices.

This agreement was reached without regard to any civil or administrative matters that may be pending or commenced in the future against STRUBLE. So this agreement does not prohibit the United States, any agency thereof (including the Internal Revenue Service and Immigration and Customs Enforcement) or any third party from initiating or prosecuting any civil or administrative proceeding against STRUBLE.

No provision of this agreement shall preclude STRUBLE from pursuing in an appropriate forum, when permitted by law, a claim that he received constitutionally ineffective assistance of counsel.

No Other Promises

This agreement constitutes the entire plea agreement between STRUBLE and this Office and supersedes any previous agreements between them. No additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties.

Very truly yours,

ALINA HABBA
United States Attorney

By: LAUREN D. KOBER
Assistant U.S. Attorney

APPROVED:

ELAINE K. LOU
Deputy Chief, Criminal Division

     I have received this letter from my attorney, Benjamin West, Esq. I have read it. My attorney and I have reviewed and discussed it and all of its provisions, including those addressing the charge, sentencing, stipulations (including the attached Schedule A), waiver, forfeiture, restitution, registration consequences, and immigration consequences. I understand this letter fully and am satisfied with my counsel's explanations. I accept its terms and conditions and acknowledge that it constitutes the plea agreement between the parties. I understand that no additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties. I want to plead guilty pursuant to this plea agreement.

AGREED AND ACCEPTED:

*s/ Benjamin West for John Struble*      Date:    7/23/25
JOHN STRUBLE

     I have reviewed and discussed with my client this plea agreement and all of its provisions, including those addressing the charge, sentencing, stipulations (including the attached Schedule A), waiver, forfeiture, restitution, registration consequences, and immigration consequences. My client understands this plea agreement fully and wants to plead guilty pursuant to it.

*s/ Benjamin West*      Date:    7/23/25
BENJAMIN WEST, ESQ.
Counsel for Defendant

Plea Agreement With John Struble ("STRUBLE")

Schedule A

1. This Office and STRUBLE agree to stipulate to the following facts:

   a. On or about December 5, 2020, STRUBLE knowingly possessed at least 10 but fewer than 150 images depicting child pornography.

   b. The images involved material portraying prepubescent minors or minors who had not attained the age of 12 years.

   c. The images involved sexual abuse and exploitation of infants or toddlers.

   d. The offense involved a computer or an interactive computer service for the possession, transmission, receipt, or distribution of the material, or for accessing with intent to view the material.

2. To the extent that the parties do not stipulate to a particular fact or legal conclusion, each reserves the right to argue the existence of and the effect of any such fact or conclusion upon the sentence.

3. Notwithstanding the facts stipulated to above, the parties agree to recommend at sentencing that a sentence within the range of 30 to 57 months' imprisonment (the "Stipulated Range") is appropriate in this case. The parties agree that a term of imprisonment within the Stipulated Range is reasonable taking into account all of the factors under 18 U.S.C. § 3553(a). Each party agrees not to advocate to any term of imprisonment outside the Stipulated Range. The parties recognize, however, that the Stipulated Range will not bind the District Court. Further, STRUBLE understands that he will have no right to withdraw his guilty plea if the Court does not follow the parties' recommendation.

4. If the District Court imposes a term of imprisonment within the Stipulated Range:

   a. This Office will not appeal any component of that sentence. The term "any component of that sentence" means the term of imprisonment, the term (and conditions) of supervised release, any fine, any restitution, and the special assessment.

   b. STRUBLE will not challenge his conviction for any reason by any means, other than ineffective assistance of counsel, and he will not challenge or seek to modify any component of his sentence for any reason by any means, other than ineffective assistance of counsel. The term "any means" includes, but is not limited to, a direct appeal under 18 U.S.C. § 3742 or 28 U.S.C. § 1291, a motion to vacate the

      sentence under 28 U.S.C. § 2255, a motion to reduce the sentence under 18 U.S.C. § 3582(c)(1) or (2), a motion for early termination of supervised release under 18 U.S.C. § 3583(e)(1), or any other motion, however captioned, that seeks to attack or modify the judgment of conviction or any component of the sentence.

c. These waiver provisions, however, do not apply to:

    i. any component of the sentence that is below an applicable statutory minimum penalty or above an applicable statutory maximum penalty for STRUBLE's offense of conviction.

    ii. Any proceeding to revoke the term of supervised release.

    iii. A motion for a reduction of the term of imprisonment under 18 U.S.C. § 3582(c)(1)(A).

    iv. An appeal from the denial of a motion for a reduction of the term of imprisonment under 18 U.S.C. § 3582(c)(1)(A) on the grounds that the court erred in finding that there were no extraordinary and compelling circumstances warranting a reduced term of imprisonment or that the court failed to consider those circumstances in denying the motion as a discretionary matter under the applicable factors of 18 U.S.C. § 3553(a).

5. Lastly, the parties have stipulated to certain facts above. The parties recognize that none of those stipulations bind the District Court. Furthermore, neither party will challenge at any time, using any means, the District Court's acceptance of a stipulated fact.